## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Plaintiff,

Willie B, Brown JR

Civil Action no: 0:26-cv-00713-RAM-JFD



Vs

AMENDED COMPLAINT FOR

DAMAGES, EQUITABLE RELIEF

AND DEMAND FOR JURY TRIAL

Defendant(s),

The City of Minneapolis,

Minneapolis Police Officers, SGT. Michael A. Heyer, Patrick Bryan and partner Officer Schany of the 4th Precinct, Individually and or in their official capacities,

Hennepin County,

HENNEPIN COUNTY MEDICAL CENTER Security guards, 4-5 JOHN DOE'S and 1-2 JANE DOE'S, Individually and or in their official capacities,

Nurse's Shala Jacobson, and JANE DOE-1 Individually and or in their official capacities,

Supervisor's Individually and or in their official capacities,

The Hennepin County medical Center.

---

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER THE COLOR OF LAW

## 42 U.S.C. § 1983

2 Brown

SCANNED
FEB 09 2026
U.S. DISTRICT COURT MPLS

## Previous lawsuits

1   A civil suit was filed in Hennepin County against the Minneapolis Police Department and The State of Minnesota on Mar 2, 2021 Case # 27-cv-21-2453. heard by David L. piper and dismissed June 19, 2021.

## I

## Nature of the action

1. This action for damages and equitable relief arising from egregious violations of plaintiff's constitutional rights is based on a court of appeals decision filed Aug 24, 2020 State vs Brown which concluded that the states search warrant to draw plaintiffs blood lacked probable cause.

2. While plaintiff was arrested, restrained and in custody at HENNEPIN COUNTY MEDICAL CENTER plaintiff was Subjected to forced physical restrain, non-consensual blood drew, and forced genital exposure and manipulation, without consent, without a warrant, without exigent circumstances and with legitimate medical necessity.

3. Defendants, Minneapolis Police Officers, HENNEPIN COUNTY MEDICAL CENTER Nurses, and Security guards acted under the color of law, jointly and in concept depriving plaintiff of rights secured by the firth and fourteenth amendment.

## II

## JURISDICTION AND VENUE

4. This court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1343 and on the pendant jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391 as the material events and occurrences giving rise to Plaintiff cause of action occurred within the District of Minnesota.

## III

## PARTIES

6. Plaintiff, Willie b. Brown JR who is a resident of the State of Minnesota.

7. Defendant, the city of Minneapolis which is a municipal corporation responsible for the policies, practices training and supervision of the Minneapolis officers.

8. Defendant, SGT, Michael A. Heyer, Patrick Bryan and partner Officer Schany of the MPD 4th Precinct acting within the scope of their employment and under color of law.

9. Defendant, The Hennepin County medical Center which is a county operated medical facility whose employees and agents act under the color of law.

4 Brown

10. Defendant, nurses Shala Jacobson, and nurse JANE DOE-1 who were licensed medical professionals employed by HENNEPIN COUNTY MEDICAL CENTER and acting under color of law.

11. Supervisor's, 1-10 that were responsible for oversight, training and or supervision and failed to prevent the continuous violations.

12. Defendants, Security guards, 4-5 JOHN DOE'S and 1 JANE DOE, 1-3 were employed by or contracted with HENNEPIN COUNTY MEDICAL CENTER acted jointly with law enforcement.

13. Defendant, Hennepin County which is a political subdivision of the state of Minnesota that owns and operates HENNEPIN COUNTY MEDICAL CENTER.

## IV

## FACTUAL ALLEGATIONS

14. On April 26, 2018 plaintiff was arrested By Officers Patrick Bryan and Partner Officer Schany of the 4th Precinct and taken to HENNEPIN COUNTY MEDICAL CENTER hospital.

15. while in custody Plaintiff was not free to leave and remained complete control of by Minneapolis police and HENNEPIN COUNTY MEDICAL CENTER personnel.

16. Plaintiff did not consent to invasive medical procedure.

17. Upon arrival at HENNEPIN COUNTY MEDICAL CENTER plaintiff was physically restrained and strapped to a hospital table by hospital security with participation, knowledge or approval of police officer.

18. Plaintiff was restrained in a manner that rendered resistance impossible.

19. While restrained HENNEPIN COUNTY MEDICAL CENTER nurse Shala Jacobson repeatably attempted to draw blood puncturing plaintiff multiple times in both arms before finally taking blood from plaintiff's hand.

20. Plaintiff verbally objected, expressed non-consent and exhibited distress.

21. No warrant authorizing a blood draw was presented to plaintiff.

22. No exigent circumstances existed justifying a warrantless blood draw.

23. The blood draw was conducted at the request, direction of SGT, Michael A. Heyer and for the benefit of law enforcement but not for any emergency or medical treatment.

24. While in restraints a nurse JANE DOE 1 forcibly exposed plaintiffs' genitals and manipulated them in an attempt to induce urination without plaintiff consent.

25. This conduct was not medically necessary was not explained and occurred while plaintiff was physically restrained.

26. Police and hospital security were present and failed to intervene.

27. Defendants knew or should have known that this conduct was unlawful.

28. Plaintiff suffered physical pain, humiliation, emotional distress, psychological trauma and loss of dignity.

29. This conduct was intentional, reckless and conscience-shocking.

30. These violations were caused by polices, customs, practices and deliberate indifference of Hennepin County, HENNEPIN COUNTY MEDICAL CENTER and the City of Minneapolis.

## V

## Causes of actions

### Count 1

Violation of 4th amendment right to unreasonable search and seizure 42

U.S.C. 1983. Against all Defendants

-Plaintiff realleges paragraph 1-30

-Forced blood draw without consent, warrant or exigency constitutes unreasonable search.

-Forced genital exposure and manipulation constitutes unreasonable and invasive seizures.

### Count 2

Violation of 14th amendment right to substantive due process/ bodily integrity.42 U.S.C. 1983. Against all Defendants

-Defendants violated plaintiffs clearly established right to bodily integrity.

-Defendants conduct shocks the conscience and serves no legitimate governmental purpose.

### Count 3

Sexual abuse, under the color of law. 42 U.S.C. 1983. Against All Defendants.

-Non-consensual genital manipulation while restrained constitutes sexual abuse under the color of law.

### Count 4

Failure to intervene, 42 U.S.C. 1983.  Against all Defendants

officers and security personnel had a duty to intervene and failed to do so.

7 Brown

## Count 5

Supervisory liability, 42 U.S.C. 1983. Against all Supervisors 1-10 supervisory defendants knew or should have known of the misconduct and failed to prevent it.

## Count 6

Municipal liability (monell), 42 U.S.C. 1983. (Against the city of Minneapolis, Hennepin County and the HENNEPIN COUNTY MEDICAL CENTER.)
- plaintiff injuries were caused by official policies, customs, practices a deliberate indifference in training and supervision.

## Count 7

Assault, under the color of law, 42 U.S.C. 1983. Against all Defendants. Plaintiff had a reasonable fear and concern that defendants would commit an immediate battery against him.

## Count 8

Breach of fiduciary duty, 42 U.S.C. 1983. Against all Defendants. Being a fiduciary, all Defendants occupied a position of trust and failed to live up to that duty of trust.

## Count 9

Battery, under the color of law, 42 U.S.C. 1983.  Against all Defendants. The defendants deliberately and offensively touched plaintiff in ways that plaintiff did not permit.

## VI

## DAMAGES

As a result of defendants Actions Plaintiff has suffered the following Damages:

1. Physical injury.

2. Emotional distress.

3. psychological trauma.

4. humiliation, and loss of dignity.

## VII

## STATUE OF LIMITATIONS

Six years, for criminal conversation, of for any other injury to the person or rights of another, not arising on contract and not herein after enumerated. Minn. Stat 541. 05 (5) Subd, 1, and for assault, battery false imprisonment, or other torts resulting in personal injury, if the conduct that give rise to the cause of action also constitution domestic abuse as defined in section 518b .01. 541. 05 (9).

The statute of limitation for the claim of assault is tolled under Minn. Stat 541.15 (a). At the time of the assault plaintiff had already been diagnosed with several mental health conditions including, mild schizophrenia personality disorder and severe depression which only got worst after the assault accrued which would explain plaintiff s delay regarding this matter. Stat 541.15 ensures plaintiff's claims are timely.

9 Brown

## VIII

## RELIEF REQUESTED

In the interest of justice and as a result of the defendant's actions Plaintiff prays and respectfully ask for the following relief:

1. Judgement in favor of plaintiff against all defendant.

2. Award Compensatory and Punitive damages against individual defendants in the amount of $2.5 Million Dollars to be paid collectively and separately by all Defendants.

3. Award Punitive damages against individual defendants for their reckless and intentional conduct.

4. An award of Attorney fees and cost Pursuant to 42 U.S.C. §1988

5. That the court grant declaratory and injunctive relief

6. Grant such relief that the court deems just and proper.

I declare under penalty of perjury that everything I have stated in this document is true and correct. Minn. Stat. 358.116.

Dated 2/4/26

Signature: _William Brown_

Name: _Willie Brown_

Address: 7600 525 St

City/State/Zip Rush City, MN 55069

10 Brown