UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Willie B. Brown, Jr.,                                       Civ. No. 26-713 (PAM/JFD)

                Plaintiff,

v.                                                                         **ORDER**

The City of Minneapolis, Michael A.
Heyer, Patrick Bryan, Shany, Hennepin
County, John, Jane Doe, Shala Jacobson,
Jane Doe, Supervisor's [sic], The Hennepin
County Medical Center,

                Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge John F. Docherty dated February 23, 2026. (Docket No. 6.) For the following reasons, the Court adopts the R&R.

According to statute, the Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Plaintiff Willie B. Brown, Jr. filed a Response to the R&R and a Memorandum of Law, which the Court construes as objections to the R&R. (Docket Nos. 7, 8.) After conducting the required review and for the following reasons, the Court adopts the R&R.

The full background is set forth in the well-reasoned R&R and the Court need not revisit it here. As the R&R thoroughly analyzed, Brown fails to demonstrate that his lawsuit is timely. The Court notes that Brown has waived any objections that were not raised before the Magistrate Judge. See Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir.

1996) ("Issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived."). Even if not waived, Brown's arguments fail on the merits.

First, Brown disagrees with the R&R's conclusion that Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), did not preclude him from seeking relief during the limitations period. He contends that the Heck doctrine barred his suit because the limitations period began in August 2020, when the Minnesota Court of Appeals issued its decision in State of Minnesota v. Brown, No. A19-0409, 2020 WL 4932785, at *1 (Minn. Ct. App. Aug. 24, 2020). The R&R explains that Heck did not bar his claims because the state secured convictions against Brown despite excluding the search evidence. (R&R at 5.) This challenge therefore fails.

Second, Brown contends that Wallace v. Kato, 549 U.S. 384 (2007), supports his argument that the limitations period began to run after the Minnesota Court of Appeals issued its decision. Again, Brown is incorrect. As the R&R explained, "Brown's cause of action accrued when the search occurred, not when the process leading to the search was found to be unlawful." (Id. at 5 n.1 (citing Wallace, 549 U.S. at 390–91).) Because Brown's objections are without merit, the lawsuit is untimely and must be dismissed.

2

Accordingly, **IT IS HEREBY ORDERED that**:

1.      The Court **ADOPTS** the R&R (Docket No. 6); and

2.      This matter is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 2, 2026                                   s/ Paul A. Magnuson
                                                      Paul A. Magnuson
                                                      United States District Court Judge